**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 15-00089-VAP (DTBx)                         Date:  January 29, 2015

Title:     MARCEL B. VELASCO -v- NATIONSTAR MORTGAGE, LLC; et al.
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                        None Present
    Courtroom Deputy                                     Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

    None                                                 None

PROCEEDINGS:        ORDER TO SHOW CAUSE RE: SUBJECT MATTER
                        JURISDICTION (IN CHAMBERS)

     On January 15, 2015, Plaintiff Marcel B. Velasco ("Plaintiff") filed a Complaint against Defendants Nationstar Mortgage, LLC, Recon Corp.; and Mortgage Electronic Registration Systems, Inc. ("Defendants").[1]  (Doc. No. 1.)  From the Complaint, it is unclear whether the Court has subject-matter jurisdiction in this action.  For the reasons set forth below, the Court orders Plaintiff to show cause why this matter should not be dismissed for lack of subject-matter jurisdiction.

---

[1]     Plaintiff previously filed a similar action in <u>Marcel B Velasco v. Nationstar Mortgage, LLC, et al.</u>, 5:14-cv-00017-VAP-DTB (C.D. Cal Jan 1, 2014).  Plaintiff voluntarily dismissed that action on January 30, 2014 after the Court issued an order to show cause why that action should not be dismissed for lack of subject-matter jurisdiction.

**EDCV 15-00089-VAP (DTBx)**
**MARCEL B. VELASCO v. NATIONSTAR MORTGAGE, LLC, et al.**
**MINUTE ORDER of January 29, 2015**

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). The burden of establishing jurisdiction rests on the Plaintiff as the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly. Fed. R. Civ. P. 12(h)(3).

A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. For the purpose of establishing diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1).

Under 28 U.S.C. § 1331, the Court has also jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains no allegations concerning Plaintiff's citizenship, the citizenship of the Defendants, or the amount in controversy. Therefore, there can be no diversity jurisdiction.

With respect to federal question jurisdiction, the Complaint mentions a number

MINUTES FORM 11                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                              Page 2

**EDCV 15-00089-VAP (DTBx)**
**MARCEL B. VELASCO v. NATIONSTAR MORTGAGE, LLC, et al.**
**MINUTE ORDER of January 29, 2015**

of federal statutes and regulations in passing, for example, 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and 12 C.F.R. § 226.39. (Compl. ¶¶ 2, 112.) Passing references to federal statutes do not create a substantial federal question, however. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003). While the Complaint states that "[t]he purpose of this action is to clarify who the real party in interest is," the only federal claims alleged in the Complaint are various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (See Compl. at ¶¶ 81-113.) Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection as defined in the FDCPA, district courts in this circuit have routinely held that nonjudicial foreclosures are not debt collection activities.[2] See Rockridge Trust v. Wells Fargo, 2013 WL 5428722, at *13 (N.D. Cal. Sept. 25, 2013); see also Ligon v. JP Morgan Chase Bank, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases).

Any non-frivolous assertion of a federal claim can establish federal question jurisdiction. Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone, 197 F.3d 1003, 1008 (9th Cir.1999). "There is federal question jurisdiction unless the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Cook Inlet Region, Inc. v. Rude, 690 F.3d 1127, 1131 (9th Cir. 2012) cert. denied, 133 S. Ct. 1814 (2013) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 98 (1998) (internal quotations omitted).

---

[2]   Moreover, violations of the FDCPA only entitle the injured party to statutory damages, and cannot be used as a vehicle to obtain equitable relief. See Knippling v. Saxon Mortgage, Inc., 2012 WL 1142355, at *1 (E.D. Cal. Mar. 22, 2012) (citing Palmer v. Stassinos, 233 F.R.D. 546 (N.D. Cal. 2006).

**EDCV 15-00089-VAP (DTBx)**
**MARCEL B. VELASCO v. NATIONSTAR MORTGAGE, LLC, et al.**
**MINUTE ORDER of January 29, 2015**

Here, Plaintiff prays for a declaration that the deed of trust encumbering his property be declared null and void as a result of Defendants' alleged FDCPA violations. As Plaintiff is attempting to assert FDCPA claims in the nonjudicial foreclosure context, and because Plaintiff is improperly using the FDCPA as a vehicle to obtain equitable relief, the it appears as if these claims are so "completely devoid of merit as not to involve a federal controversy."

Finding that the basis of the Court's jurisdiction is unclear, the Court ORDERS Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiff shall file a response in writing no later than Friday, February 9, 2015. Failure to respond shall result in dismissal of this action.

**IT IS SO ORDERED.**